UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
CASE NO:

BERRY JOSEPH,

        Plaintiff,

vs.

EULEN AMERICA, INC.

        Defendant.

_____/

## COMPLAINT

Plaintiff, BERRY JOSEPHZ (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, EULEN AMERICA, INC. (hereinafter "Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages, declaratory and injunctive relief and damages under Title VII of the Civil Rights Act of 1964, as amended, , the Florida Civil Rights Act of 1992 (FCRA), and Florida Statute Section 760 to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of race, national origin, and retaliation.  This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. § 2000e *et seq.*

2. Jurisdiction of this Court is invoked pursuant 28 U.S.C. '1331 (federal question jurisdiction) and 28 U.S.C. '1343 (civil rights claim jurisdiction).  Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

1

3. Plaintiff continues to be, a resident of Dade County, Florida.

4. Plaintiff was an employee of Defendant, performing the duties of a Security Officer in Miami, Florida.

5. Defendant was a "person" and/or an "employer" pursuant to Title VII, Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.*, since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

6. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.*

7. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of Title VII, Florida Civil Rights Act of 1992, Fla *Stat. Section 760 , et seq.*.

9. Venue is proper in the Southern District of Florida because all of the actions complained of herein occurred within the jurisdiction of this District Court.

10. Plaintiff is a Black male individual of Haitian national origin and is a member of a class of persons protected from discrimination in his employment under Title VII, and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

11. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

12. On September 27, 2012, the EEOC issued a "Notice of Right to Sue" notice to Plaintiff (See attached Exhibit "A") and suit was instituted timely.

13. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

14. Plaintiff was employed by Defendant from on or about December 2010 until he was effectively terminated on September 16, 2010 based on his race and national origin and/or in retaliation for making claims of discrimination.

15. Throughout his employment with Defendant, Plaintiff performed his duties in an exemplary fashion.

16. During his employment Plaintiff was subjected to derogatory comments and negative treatment based on his race, Black, and national origin of Haiti.

17. On July 17, 2010, Plaintiff was assigned a new supervisor, Viviana Paneka ("Paneka"), a non-Black, non-Haitian individual.

18. Since Paneka's began as Plaintiff's supervisor, Plaintiff was subjected to continued condescension. On September 11, 2010, Paneka approached me and requested that I calibrate a screening machine. Paneka, in the presence of a coworker, Merline Jean, then proceeded to tell me, "I do not like your nigger attitude." I responded that she should not speak to people that way. Paneka became upset and instructed me to go home.

19. On September 14, 2010, Plaintiff was to turn in his badge to Alex Villa ("Villa"), the manager. On that day, Plaintiff informed Villa about Paneka's actions and comment. Villa placed me on a two day non-paid suspension while he would investigate the matter.

20. On September 16, 2010, Plaintiff was terminated in retaliation for Plaintiff's complaints of discrimination and any other reason is a mere pretext.

21. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I.
## DISCRIMINATION BASED ON RACE IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

23. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals **race, color,** or **national origin**.

24. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

25. The Plaintiff is a Black male of Haitian national origin and he possessed the requisite qualifications and skills to perform his position with Defendant.

26. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Black employees were allowed better work opportunities by not being subjected to racial epithets.

4

27. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

28. Moreover, as a further result of the Defendant unlawful race based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

29. Plaintiff was qualified for his position with Defendant.

30. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his race in the terms, conditions, and privileges of employment.

31. Defendant retaliated against Plaintiff after complaints of race discrimination and failed to address complaints of discrimination.

32. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race and national origin.

33. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

## **PRAYER FOR RELIEF**

WHEREFORE, the PLAINTIFF prays that this Court will;

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

D. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury;

K. Grant such other and further relief as the Court deems just and proper.

## COUNT II.
## DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

35. At all time material hereto, Defendant failed to comply with the Florida Civil Rights Act (FCRA) of 1992 Florida Statues Section 760.10 which in its relevant section states it is

6

an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

36. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

37. The Plaintiff is a Black male of Haitian national origin and he possessed the requisite qualifications and skills to perform her position with Defendant.

38. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Haitian employees were allowed better work opportunities by not being subjected to racial epithets.

39. The Plaintiff was terminated as a result of his national origin and the reasons given by Defendant, if any, for her termination are mere pretext for illegal discrimination.

40. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

41. Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

42. Plaintiff was qualified for his position with Defendant.

43. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of his national origin in the terms, conditions, and privileges of employment.

44. Defendant retaliated against Plaintiff after complaints of national origin discrimination and failed to address complaints of discrimination.

45. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race and national origin.

46. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

## PRAYER FOR RELIEF

WHEREFORE, the PLAINTIFF prays that this Court will;

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D.  Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J.  Grant PLAINTIFF a trial by jury;

K.  Grant such other and further relief as the Court deems just and proper.

## COUNT III.
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON NATIONAL ORIGIN

47. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-21 of this initial complaint.

48. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect

his status as an employee, because of such individual's race, color, religion, sex, or national origin."

49. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's Haitian national origin.

50. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Haitian national origin.

51. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was Haitian.

52. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

53. The Plaintiff was qualified for the position apart from his apparent national origin.

54. The Plaintiff was discriminated against by his supervisor because he was Haitian.

55. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

56. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

57. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his national origin in violation of Act with respect to its decision to treat Plaintiff different from other employees.

58. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was Haitian, in violation of the Act.

59. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

60. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's national origin.

61. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

11

## COUNT IV.
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964:
## DISCRIMINATION BASED ON RACE

62. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-21 of this initial complaint and states:

63. At all times material hereto, the Employer/Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

64. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

65. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's race, Black.

66. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was Black.

67. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

68. The Plaintiff was qualified for the position apart from his apparent race.

12

69. The Plaintiff was discriminated against by his supervisor because he was black.

70. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

71. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

72. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

73. Plaintiff was fired by Defendant and these actions were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was black, in violation of the Act.

74. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

75. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's race.

76. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. The discrimination on the basis of national race constitutes unlawful discrimination.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues triable as of right by a jury.

## COUNT V.
## RETALIATION

77. Paragraphs 1-21 are hereby realleged and reincorporated as if set forth in full herein.

78. Defendant is an employer as that term is used under the applicable statutes referenced above.

79. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under Title VII, 42 U.S.C § 2000e *et seq.*, Chapter 760, Florida Statutes.

80. The foregoing unlawful actions by Defendant were purposeful.

14

81. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and he was the victim of retaliation thereafter, as related in part above.

82. Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

83. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

84. These damages are continuing and are permanent.

### **PRAYER FOR RELIEF**

**WHEREFORE**, the PLAINTIFF prays that this Court will;

    A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

    B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

    C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and/or national origin and/or gender and/or pregnancy;

    D. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E.   Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F.   Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF

for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.   For a money judgment representing prejudgment interest;

H.   Award any other compensation allowed by law including punitive damages and

attorney's fees (448.104);

I.   Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J.   Grant PLAINTIFF a trial by jury;

K.   Grant such other and further relief as the Court deems just and proper.

Dated: 12/20/12

Respectfully submitted,

**Remer & Georges-Pierre, PLLC**
*Attorneys for Plaintiff*
Courthouse Tower
44 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile:  (305) 416-5005

By: _____
Jason S. Remer, Esq.
Fla. Bar No.: 0165580
Brody M. Shulman, Esq.
Fla. Bar No.: 092044